Court of Common Pleas, Belmont County, St. Clairsville, OH

SUMMONS ON COMPLAINT

Leslie Allen, 4461 Harrison St, Bellaire, OH, 43906
　　　　　　　　　　　　　　　　　　　Plaintiff

Vs.

Frank A Fregiato
Case No.: 19 CV 0345

Dolgen Midwest LLC  Corporation Service Company 50 West Broad Street Suite 1330 Columbus OH  43215
BI Imperial LLC  National Registered Agents Inc 4400 Easton Commons Way Suite 125 Columbus OH 43219

　　　　　　　　　　　　　　　　　　　Defendant

**TO THE ABOVE NAMED DEFENDANT:**
You are hereby summoned that a Complaint (a copy of which is hereto attached and made a part hereof) has been filed against you in this Court by the Plaintiff named herein.
You are required to serve upon the Plaintiff's attorney or upon the Plaintiff if they have no attorney of record, a copy of your Answer to the Complaint within 28 days after service of this summons upon you, exclusive of the day of service. Said Answer must be filed with this Court within 3 days after served on Plaintiff's attorney.
The name and address of the Plaintiff's Attorney is as follows:

　　　　　　　　Kevin M Pearl
　　　　　　　　337 Penco Road
　　　　　　　　Weirton, WV   26062

If you fail to appear and defend, judgment by default will be taken against you for the relief demanded in the Complaint.

　　　　　　　　　　　　　　CYNTHIA L. FREGIATO CLERK

Dated: September 20, 2019

　　　　　　　　By: _____
　　　　　　　　　　　Glena D Wagner, Deputy Clerk

EXHIBIT 1

**IN THE COMMON PLEAS COURT OF BELMONT COUNTY, OHIO**

COMMON PLEAS COURT

2019 SEP 20 PM 1:19

| | |
|---|---|
| LESLIE ALLEN,<br>4461 Harrison St.<br>Bellaire, OH 43906<br><br>**Plaintiff,**<br><br>vs.<br><br>**DOLGEN MIDWEST, LLC d/b/a<br>DOLLAR GENERAL**<br>c/o Corporation Service Company<br>50 West Broad Street, Suite 1330<br>Columbus OH 43215<br><br>**BI IMPERIAL, LLC**<br>National Registered Agents, Inc.<br>4400 Easton Commons Way, Suite 125<br>Columbus Oh 43219<br><br>**Defendants.** | CASE NO: 19 CV 345<br><br>JUDGE _____Frank A. Fregiato_____<br><br>COMPLAINT – ACTION FOR<br>PERSONAL INJURY<br><br><u>**JURY DEMAND ENDORSED<br>HEREON**</u> |

NOW COMES the Plaintiff, Leslie Allen, by and through the undersigned counsel, and for her Complaint against the Defendants, Dolgen Midwest, LLC d/b/a Dollar General and BI Imperial LLC, states and avers as follows:

### GENERAL ALLEGATIONS

1. The Plaintiff, Leslie Allen, is a citizen and resident of Bellaire, Belmont County, Ohio.

2. Upon information and belief, the Defendant, Dolgen Midwest, LLC, d/b/a Dollar General ("Dollar General"), is a Tennessee limited liability corporation, licensed to conduct business in the State of Ohio, and at all times relevant herein, was doing business in Belmont County, Ohio through the operation of a store located at 380 28th Street, Bellaire, Belmont County, Ohio.

State of Ohio
Belmont County
Cynthia L. Fregiato, Clerk of Courts, do hereby certify that the above is a true and correct copy of the original on file in this office.
Cynthia L. Fregiato, Clerk of Courts
By_____ Deputy

3. Upon information and belief, the Defendant, BI Imperial, LLC, is a Delaware limited liability company, licensed to conduct business in the State of Ohio, and at all times relevant herein, was doing business in Belmont County, Ohio, as the owner of the real estate located at 380 28th Street, Bellaire, Belmont County, Ohio, at which the store of the Defendant, Dollar General, is located.

4. At all times relevant herein, the Plaintiff, Leslie Allen, acted reasonably, carefully, safely and without negligence.

## COUNT I

5. Plaintiff hereby incorporates by reference paragraphs 1 through 4 of this Complaint as if fully set forth herein.

6. On or about September 28, 2017, the Plaintiff, Leslie Allen, was an invitee at the store of the Defendant, Dollar General, located at 380 28th Street, Bellaire, Belmont County, Ohio.

7. At the aforementioned time and place, the Plaintiff, Leslie Allen, was navigating her wheelchair down a wheelchair ramp in front of the Defendant's Dollar General store when a rug placed on the ramp by the Defendant, Dollar General, its agents, servants, and/or employees caused the Plaintiff's wheelchair to tip and threw the Plaintiff directly to the concrete resulting in severe and disabling permanent injuries.

8. At the aforementioned time and place, the Defendant, Dollar General, by and through its agents, servants and/or employees, was negligent, careless, and/or reckless in at least the following particulars:

    a. failing to conduct a reasonable inspection of the premises, including an inspection of the wheelchair ramp fronting its store;

2

    b. failing to properly maintain the wheelchair ramp area by creating a hazard through the placement of the rug;

    c. failing to maintain its premises in a reasonably safe condition;

    d. failing to correct the dangerous and/or hazardous condition on the premises, thereby allowing a dangerous condition to exist and jeopardizing the safety of the Plaintiff and other business invitees;

    e. obstructing the wheelchair ramp; and/or

    f. failing to warn the Plaintiff and other business invitees of dangerous conditions on the premises through adequate safeguards to prevent injury to the Plaintiff and other business invitees, such as warning signs or sufficient instructions

9. As a direct and proximate result of the negligent, careless, and/or reckless conduct of the Defendant, Dollar General, the Plaintiff, Leslie Allen, sustained severe and disabling personal injuries, was forced to seek medical treatment and incur medical expenses, has and will in the future incur pain and suffering, mental anguish, aggravation, inconvenience, the loss of enjoyment of life, the loss of the ability to function, and future medical and other expenses.

## COUNT II

10. Plaintiff hereby incorporates by reference paragraphs 1 through 4 of this Complaint as if fully set forth herein.

11. At all times relevant herein, the Defendant, BI Imperial, LLC, as the owner of the real estate, had a duty to the Plaintiff and other invitees to assure that its real estate was free of hazards, and more particularly, that the wheelchair ramps located on the real estate were safe and free of hazards.

3

12. On or about September 28, 2017, the Plaintiff, Leslie Allen, was an invitee on the real estate of the Defendant, BI Imperial, LLC, located at 380 28th Street, Bellaire, Belmont County, Ohio.

13. At the aforementioned time and place, the Plaintiff, Leslie Allen, was navigating her wheelchair down a wheelchair ramp in front of the Dollar General store on the real estate of the Defendant, BI Imperial, LLC, when a rug placed on the ramp caused the Plaintiff's wheelchair to tip and threw the Plaintiff directly to the concrete resulting in severe and disabling permanent injuries.

14. At the aforementioned time and place, the Defendant, BI Imperial, LLC, by and through its agents, servants and/or employees, was negligent, careless, and/or reckless in at least the following particulars:

    a. failing to conduct a reasonable inspection of the premises, including an inspection of the wheelchair ramp fronting the Dollar General store;

    b. failing to properly maintain the wheelchair ramp area by allowing a hazard to exist through the placement of the rug;

    c. failing to maintain its premises in a reasonably safe condition;

    d. failing to correct the conduct of its tenant, Defendant, Dollar General, in placing an obstruction in the wheelchair ramp fronting the Dollar General store;

    e. failing to correct the dangerous and/or hazardous condition on the premises, thereby allowing a dangerous condition to exist and jeopardizing the safety of the Plaintiff and other business invitees; and/or

    f.   failing to warn the Plaintiff and other business invitees of dangerous conditions on the premises through adequate safeguards to prevent injury to the Plaintiff and other business invitees, such as warning signs or sufficient instructions

15.   As a direct and proximate result of the negligent, careless, and/or reckless conduct of the Defendant, BI Imperial, LLC, the Plaintiff, Leslie Allen, sustained severe and disabling personal injuries, was forced to seek medical treatment and incur medical expenses, has and will in the future incur pain and suffering, mental anguish, aggravation, inconvenience, the loss of enjoyment of life, the loss of the ability to function, and future medical and other expenses.

### PRAYER

WHEREFORE, the Plaintiff, Leslie Allen, respectfully demands judgment against the Defendants, Dolgen Midwest, LLC d/b/a Dollar General and BI Imperial LLC, jointly and severally, for all damages allowed under applicable law in an amount to be determined and in excess of Twenty-Five Thousand Dollars ($25,000.00), together with pre-judgment and post-judgment interests and costs, and for such other relief, both general and special, as to the nature of the matter this Court deems just and proper.

### PLAINTIFF DEMANDS A TRIAL BY JURY

LESLIE ALLEN, Plaintiff

By *[signature]*
    Counsel

Kevin M. Pearl, Esq. (I.D. #0074772)
FRANKOVITCH, ANETAKIS, SIMON,
DECAPIO & PEARL, LLP
337 Penco Road
Weirton, WV 26062
(304) 723-4400 (p)
(304) 723-5892 (f)
kevin@faslaw.com

5

## INSTRUCTIONS TO THE CLERK

Please make service upon the Defendants by certified mail, return receipt requested, at the addresses set forth in the above caption. Thank you.

*(signature)*
KEVIN M. PEARL (0074772)
*Counsel for Plaintiff*

**CERTIFIED MAIL®**

Return in 5 days to
Clerk of Courts - Belmont County
Courthouse
101 West Main Street
St. Clairsville, OH 43950

9414 7266 9904 2122 8262 35

PITTSBURGH
PA 150
20 SEP '19
PM 3 L





US POSTAGE
$006.95⁰
First-Class
ZIP 43950
09/20/2019
034A 0081800209

**RETURN RECEIPT REQUESTED**
**PLEASE FORWARD**

19 CV 0345
7160 3901 9844 2794 939 9

Dolgen Midwest LLC
Corporation Service Company
50 West Broad Street Suite 1330
Columbus, OH 43215          43215$0000-0-0032

*Legal Document*

IN THE COURT OF COMMON PLEAS OF BELMONT COUNTY, OHIO

Leslie Allen,

    Plaintiff,

-vs-

Dolgen Midwest, LLC, dba
Dollar General, *et al.*

    Defendants.

2019 OCT 11 PM 3:00

Case No. 19CV345

Judge Frank Fregiato

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT
### (Jury Demand Endorsed Hereon)

Now comes Defendant Dolgen Midwest, LLC dba Dollar General, (improperly captioned) (hereinafter referred to as "Dollar General or Defendant"), by and through counsel, and for its Answer to Plaintiff's Complaint, sets forth as follows:

### FIRST DEFENSE

For its First Defense, Dollar General responds to the numbered paragraphs of Plaintiff's Complaint, in like numbered paragraphs, as follows:

1. Deny for want of knowledge.

2. Admit.

3. Deny for want of knowledge.

4. Deny.

5. Dollar General reincorporates paragraphs 1-4 as if fully rewritten herein.

6. Deny for want of knowledge.

7. Deny for want of knowledge.

8. Deny.

9. Deny.

10. Dollar General reincorporates paragraphs 1-9 as if fully rewritten herein.

11. Deny.

12. Deny for want of knowledge.

13. Deny for want of knowledge.

14. Deny for want of knowledge.

15. Deny for want of knowledge.

## SECOND DEFENSE

1. Defendant denies all allegations contained in Plaintiff's Complaint, not expressly admitted in this Answer.

## THIRD DEFENSE

2. Plaintiff may have failed to mitigate her damages.

## FOURTH DEFENSE

3. Plaintiff's Complaint fails to state a claim upon which relief can be granted against Defendant.

## FIFTH DEFENSE

4. Plaintiff may have failed to join necessary and indispensable parties.

## SIXTH DEFENSE

5. Plaintiff's claim for damages may be limited or barred under the due process clauses of the Federal and Ohio Constitutions.

## SEVENTH DEFENSE

6. Some or all of the damages alleged in Plaintiff's Complaint may have been caused by remote, intervening and/or superseding causes, or persons or entities for whom Defendants are not responsible, including those not presently known to Defendant.

## EIGHTH DEFENSE

7. After the facts of this case are known, following discovery, Plaintiff's damages may be impacted by the doctrines of comparative negligence, assumption of the risk, or other legal doctrine that may be applicable to this case.

## NINTH DEFENSE

8. In the event Defendant is found negligent, such liability denied, it is only liable for its proportionate share of Plaintiff's alleged damages per R.C. § 2307.22, *et seq.*

## TENTH DEFENSE

9. Any allocation of fault by a trier of fact must be consistent with R.C. § 2307.22, *et seq.*, R.C. § 2307.23, *et seq.*

## ELEVENTH DEFENSE

10. Any allocation of liability must include the fault of non-parties per R.C. § 2307.23, *et seq.*

## TWELFTH DEFENSE

11. Plaintiff's claims are barred by the doctrines of waiver, estoppel, laches or by the applicable statutes of limitations.

**WHEREFORE**, Defendant prays that judgment be entered in their favor upon Plaintiff's Complaint, together with costs and reasonable attorney fees sustained by Defendant.

Respectfully submitted,

_____
Patrick Kasson (0055570)
**Reminger Co., L.P.A.**
200 Civic Center Drive, Suite 800
Columbus, Ohio 43215
(614) 228-1311; FAX: (614) 232-2410
pkasson@reminger.com
*Counsel for Defendant, Dolgen Midwest, LLC dba Dollar General*

## JURY DEMAND

Now comes Defendant and hereby request a jury to hear all of the issues of this case.

_____
Patrick Kasson (0055570)

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing document was served via electronic and/or regular U.S. mail this 9th day of October, 2019 upon the following:

Kevin M. Pearl, Esq.
Frankovitch, Anetakis, Simon, Decapio & Pearl, LLP
337 Penco Road
Weirton, WV 26062
*Attorney for Plaintiff*


BI Imperial, LLC
c/o National Registered Agents, Inc.
4400 Easton Commons Ways, Suite 125
Columbus, Ohio 43219
*Defendant*

_____
Patrick Kasson (0055570)